**FILED**

MAY 13 2008

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALVIN A. PAULINO #28252-034           (
  FCI- Texarkana                      (
vs. POB 7000                          (   Ci
  Texarkana, TX 75505-7000            (
UNITED STATES OF AMERICA and          (   Case: 1:08-cv-00823
FEDERAL BUREAU OF PRISONS and         (   Assigned To : Unassigned
L. HAMILTON (counselor)               (   Assign. Date : 5/13/2008
                                          Description: Pro Se General Civil

A CIVIL RIGHT COMPLAINT SEEKING DAMAGES THROUGH TITLES 28 SEC. 1331
TITLE 42 SEC. 1983 FEDERAL TORT CLAIMS ACT 28 U.S.C. SEC.
2401, 2410, 2671 and 2680

## COMPLAINT

The defendants violated plaintiff's First Amendment, "Right to Petition", Eight Amendment Right Against, "Cruel and Unusal Treatment/Punishment" and Fourteenth Amendment Right To, "Have Access to the Courts Without Interference".

Because of these past and ongoing constitutional violations, plaintiff has been injuried, accordingly seeks damages through trial by jury.

### PARTIES

Alvin A. Paulino is an individual residing at FCI Texarkana Federal Institution, located within the United States of America.

Defendants, United States of Americal and Federal Bureau of Prisons are governmental entities located within the United States of America liable through their offical capacity.

L. Hamilton (counselor) is an individual residing within the United States of America liable through his individual and offical capacity.

### VENUE

Venue is proper in the United States District of Columbia, as this action rises a federal constitutional question, and the venue over federal agencies and all

RECEIVED

APR 18 2008

Clerk, U.S. District and
Bankruptcy Courts

page 1

matters of the constitutional claims of the United States.

## JURISDICTION

See <u>Lynch vs. Household Finance Corp.</u> 31 L Ed 2nd 424: The Federal District Courts shall have orginal jurisdiction of any matter/action authorized by law to be commenced by any person to redress the deprivation under color of any state law, statute, ordinance, regulation, custom, or usage or any right, privilege or immunity secured by the constitution of the United States or by any act of congress providing for equal protection/rights of any citizen or person within the jurisdiction of the United States.

Accordingly, each cause of action against all defendants accured within the United States of America. Addtionally, each violation/act alleged within this complaint has been caused by wilful negligent, bad/wrongful acts, bad/unconstitutional policies and ommissions of a Federal Agency and imployee of a Federal Agency while acting within the scope of its/his/her official duty, resulting in personal injury/harm toward the plaintiff which serves no penalogical purpose.

Jurisdiction is proper in the United States District Court of Columbia as this action/complaint rises a governmental and federally protected right(s) violated by governmental officials/agencies operating under color of law.

## STATUTORY LIMITATION

Each act/violation and complaint against these defendants seeking damages has accured within one year of the filing of this complaint and ongoing.

page 2

## SIXTH AMENDMENT RIGHT TO ARGUE ALL ALLEGATIONS WITHIN THIS COMPLAINT THROUGH TRIAL BY JURY

See <u>Monroe vs. Pape</u> 5 L Ed 2nd 492 "Allegations of facts constituting a deprivation under of States Authority or Right guaranteed by the constitution satisfy to that extent that requirments of the civil rights statute presently embodied in Title 42 U.S.C.S. Sec. 1983 and that no specific intent to deprive a person of a federal right has been held necessary to create liability under 42 U.S.C.S. Sec. 1983".

## IMMUNITY

All defendants are governmental intities or agencies or individuals that has forfeited their immunity protection, because their conduct is outside that of the protection, which supports the forfeit, additionally all defendants have acted outside the spears of their authority and responsbilities of office and without good faith.

## CAUSE OF ACTION

The plaintiff has a history of life threatening medical defects, most serious being a heart condition that supports an operation, hyper tention and diabetes.

The defendants are well informed of all conditions, refering to the plaintiff's health.

The plaintiff became ill, while in the defendant's care, therefore requested medical assistance from the prison hospital.

The Prison Doctor ran several test concerning the plaintiff's heart. It was the decision of the doctor to send the plaintiff to a medical facility to excute the heart operation. However, the administrative staff, stated that due to the massive over crowding, and funds alloted for medical, the operation would be denied. Accordingly, the operation has been denied, placing the plaintiff's life at unnecessary risk.

Approx. one week of the denial of the operation, the plaintiff became ill, and re-entered the prison hospital requesting access to ACCU Check (sugar level), however the medical staff stated the plaintiff must wait until Wednesday. The plaintiff explained that his heart was in pain, and he felt dizzy. The medical not only denied the medical attention, but threaten to place the plaintiff in the hole if he return any day but Wednesday.

The plaintiff completed his BP8, complaining of the total denial of access to medical care, and daily access to ACCU Check on 01/06/2008.

On 01/15/2008 the complaint (BP8) was totally denied, therefore, the plaintiff requested and completed his access to the aministrative remedy process, appealing through BP9.

On 01/19/2008 the plaintiff delivered his BP9 to Mr. Hamilton. The record will support that the due date for the defendant to respond was on 02/14/2008, but no response was provided. Accordingly, plaintiff verbally requested his answer, not only was his request for a written response denied, the defendant threatened to placed the plaintiff in the hole if he continued with his attempt to exhaust his administrative remedy process.

Therefore, plaintiff completed another formal request for access to medical care and the operation and delivered it to the warden of FCI Texarkana on 03/04/2008. The request also explained that without the written response to his BP9, he was unable to complete his exhaustion of the aministrative remedy procedure.

During this period, plaintiff spoke with Dr. Nash and J. Bernabe AHSA, in short the heart operation was denied, a written response was denied and daily access to ACCU Check was denied, claiming lack of funds due to over crowding.

Dr. Nash did not waiver from his recommendation, stating.....the heart operation was necessary, however again the adimnistrative office denied his recommendation. Dr. Nash did state that if the plaintiff would sign the BP9, he would assure that the operation was approved. Plaintiff signed, however he went back to Hamilton, and requested a written response to the BP9. Hamilton only provided more threaths, then **totally denied** any further access to the administrative remedy process.

Plaintiff tried again , completing another formal rquest for medical assistance and delivered it personally to the Warden on 03/04/2008.

On 03/19/2008 the Warden responded, stating plaintiff must refile his request, and start the process over, because there were no written records to support his claim. Additionally, the Warden threatened to have plaintiff placed in the hole if he sticks to his story of threatening behavior of staff members, which is just retaliation and a threat in itself for complaining and exposing wrong doing within his staff.

Follow the defendant's logic: If the plaintiff request access to the administrative remedy procedure, he is threatened to be palced in the hole.  If he request help from the hospital, he is threatened to be placed in the hole.  If he complains to the Warden, "about being threatened to be placed in the hole", the Warden threatened to placed him in the hole.

Plaintiff moves forward, enters Hamiltion's office, requesting a BP10 on 03/31/2008. Hamilton..."Get out of my office within one minute or I will lock you up" and denied the form.  Plaintiff has been blocked of having access to the administrative remedy process, and his ability to have access to the courts hindered.  Also denied his right to petition thereby suffering cruel and unussally punishemnt, his constitutional rights violated and his life placed at unnecessary risk serving no penalogical purpose.

Before proceeding to file a federal complaint with respect to the above claims, a plaintiff must exhaust administrative remedies as required by 42 U.S.C. Sec. 1997 e(a). Wooford vs. Ngo __U.S.__, 126 S. Ct. 2378, 2382-83 (2006) (citing Porter vs. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002); Booth vs. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001). Insofar as plaintiff's attempts to exhaust administrative remedies with respect to the medical issues. Fifth Circuit case law recognizes that exhaustion of administrative remedies "may be subject to certain defenses such as waiver, estoppel, or equitable tolling", Days vs. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).

Moreover, the misconduct of prison officials in connection with an inmate's attempt to exhaust may render administrative remedies unavailable and thus, preclude a defendant from raising failure to exhaust as an affimative defense. See Aceves vs. Swanson, 75 Fed. Appx. 295, 296 (5th Cir. 2003) (per curiam)(administrative remedies were unavailable because prison authorties repeatedly refused or failed to give the appropriate grievance forms despite his request.); Mitchell vs. Horn,318 F.3rd 523, 529 (3rd Cir. 2003) (same); see also Ziemba vs. Wezner 366 F.3rd 161, 163 (2d Cir. 2004) (affirmative defense of exhaustion is subject to estoppel if prison officials preclude the inmate from exhausting administrative remedies); Boyd vs. Corrections Corp. of America, 380 F.3rd 989, 996-97 (6th Cir. 2004)(prison officials' failure to respond to prison grievances rendered administrative remedies unavailable).

Plaintiff has alleges (3) claims against the defendants; 1. a refusal to allow him access to the courts, a Fourteenth Amendment Violation; 2. refusal to allow him to petition his grievances through the admistrative remedy process, a First Amendment violation, 3. totally denied him proper medical care, threatened and retaliated against

him for requesting medical assitance and attempting to exhaust the administrative remedy process, an Eight Amendment violation.

## INJURY

The heart condition of the plaintiff is a serious issue, and any denial of proper medical treatment, or any unreasonable delay puts his life at an unnecessary risk, which serves no penallogical purpose and not ordered through the courts.

The total denial of daily access to ACCU Check, puts the plaintiff's health at serious risk, forces him to suffer pain daily, hinders his ability to control his sugar level and unnecessary puts his life at risk.

The plaintiff suffers daily unnecessary mental stress over his health and unnecessary death which serves no penlogical purpose due to a total denial of access to reasonable and proper medical care.

The defendants have denied plaintiff any acccess to any type of reibilitational program, special food or medicine which would assist within daily pain, his medical defect and assist to correct his medical condition.

The defendants has totally denied plaintiff access to close monitoring through access to medical Doctor, and threatened to have him placed in the hole for requesting help, which has caused unncessary stress and places his life at risk which serves no penalogical purpose.

Due to these medical denials, plaintiff's eye sight has became defected, his breathing has became defected, his equilibrium is defected, making even walking hindered.

The plaintiff has a lower bunk and level pass, approved from medical staff, however the defendants state that due to the over crowed facility, the plaintiff is palced up

on the top lever, forcing him to walk up two flight steps to have access to meals etc. which puts his life at unnecessary risk and serves no penalogical purpose.

The plaintiff will provide evidence that the defendants through bad and unconstitutional policies seriously and massively over crowded the institution, which hinders his ability to have access to proper medical care, reasonable space, access to staff and hinders his ability for any reasonable reibilitational program.

Additionally, the plaintiff will support his claims through unconstitutional bad policy which under staffs the institution, also upsets the harmony of the institution and puts his safety at unnecessary risk.

The defendants claim budget as an affirmitive defense, however the Supreme Court has clearly stated that lack of funds is not a defense to constitutional violations.

<u>DAMAGES SOUGHT</u>

1. Daily access to ACCU Check;
2. provide the approved heart operation;
3. daily access to blood pressure monitering;
4. fire Mike Rostollan
5. fire L. Hamiltion
6. remove the population within the instituiton to comply with the constitution;
7. the defendants to post in view for all inmates to view, their rights if blocked access to the administrative remedy process;
8. each defendant pay plaintiff $250,000.00 for actual damages;
9. each defendant pay palintiff $10,000.000.00 for punitive damages.

page 8

See <u>Wood vs. Strickland</u> 43 L Ed. 2nd 883 id at 860 (17) and <u>Scott vs. Donald</u> 41 L Ed 632 granting putive damages in cases against government officials where the act or harm was caused intentional or maliclious. and

10. Each defendant put on notice that any further threats and/or retaliation will not be tolerated resulting in criminal charges.

**WHEREFORE PRIMISES CONSIDERED:** Plaintiff prays that this cause be set for jury trial, he receive all relief requested and he be granted all other relief he may be entitled to whether prayed for or not.

Respectfully summited,
Alvin Paulino #28252-034
FCI Texarkana
P.O. Box 7000
Texarkana, Texas 75505-7000

*[signature]*    4/15/08

## AFFIDAVIT

I, Alvin Paulino declare that I am over the adult age of eighteen and of sound mind.

I also declare that all information and statements enclosed within this affidavit are trueful and correct to the best of my knowledge and ability.

I am a federal prisoner at FCI Texarkana located in Texarkana Texas and that all events leading upto this cause accured while housed at Texarkana Prison and while within the defendant's care.

During the period of July/2007 and presently, I have requested daily access to ACCU Check, daily access to blood montoring, the approved and needed heart operation, access to a medical facility without being threatened, a written response to the administrative procedure form BP9, an dministrative remedy form BP10 and made many verbal attempts to several staff members of the defendants to exhaust the administrative procedure which has been totally denied/blocked.

I have been threaten by several members of the defendants to be placed in the hole if I continue forward with an exhaustion of the administrative remedy procedure, or request access to the medical concerns alleged in my complaint.

I have made every attempt possible to exhaust the administrative remedy procedure, but each attempt has been blocked by staff of the defendants. Therefore, I have exhausted the adminsitrative remedy procedure available to me.

Alvin Paulino #28252-034

_____  4/15/08

08 0823
**FILED**
MAY 13 2008
Clerk, U.S. District and Bankruptcy Courts

# REQUEST FOR ADMINISTRATIVE REMEDY - ATTEMPT AT INFORMAL RESOLUTION

Date Delivered to Inmate: 1-6-08   By: _____
(Staff Name)

Bureau of Prisons Program Statement 1330.13 requires an inmate seeking formal review of a complaint, to try to resolve the complaint informally by presenting it to his Unit Counselor. Also, staff will attempt to resolve the complaint informally prior to providing the inmate with a Request for Administrative Remedy (BP229(13)).

1. Write your grievance in this space, as briefly as possible, including details and facts which support your request.
"PLEASE SEE ATTACHED"

2. What action do you wish to be taken to correct the situation? I want the deliberate indifference toward me in medical to stop, diabetics have serious medical problems, and are subject to heart failure without warning. Mike Rostollan in medical has a bad attitude toward inmate population, and either needs to change jobs, or start treating people properly

3. What have you done to informally resolve this matter? To whom have you spoken? Counselor Hamilton

Inmate Name: Alvin A. Paulino   Reg. No.: 28252-034   Unit: D-2
Date: January 7, 2008
Date Informal Submitted to Staff: 1-16-08   Submitted to: _____

The unit staff member who has attempted to resolve the matter informally will indicate below the efforts he has made. Be specific, but brief.

_____

Responded to by: _____   Date _____

Reviewed by Unit Manager: _____   Date _____

Date Request for Administrative Remedy Delivered to Inmate
Delivered By: _____   1-16-08

BP-8 ATTACHMENT

On January 6, 2008, I was denied medical treatment, at 7:00 A.M. when I went for ACCU Check call-out at medical facility.

I am a diabetic, with hypertension, cardiac disease and other serious health problems.

My symptoms at the time were nausea, dizziness, body ache, shortness of breath, blurred vision, among other things.

I had started to check my sugar level when R.N. Mike Rostollan stopped me and asked when my regular day for me to check. I told him I didn't know I had a scheduled day. He then told me to come back on Wednesday, three days later, that's my regular day for ACCU Check. I stepped out of the ACCU Check station/office, paused and thought "this is not right". I walked back into the office and asked his name. He told me R.N. Mike Rostollan. He further stated did I want him to write it down for me. I explained to him that I've decided to take this up on Administrative level. he replied "good I hope you do". Our conversation ended.

NOTE: This deliberate indifference and ill will treatment has happened several times before by R.N. Mike Rostollan.

I left the medical facility, and went to eat something, in hopes that I would start feeling better. A few minutes later, I started to feel a little better, however I was still sick.

I went to the Lieutenants office to lodge my complaint. (I do not know the the Lieutenants name, but the time was between 8:00 and 8:30 AM). The Lieutenant commenced to give me the third degree, questioning and interrogating me in the hall way where everyone heard his loud talking. Then I was escorted back to medical facility to have my ACCU check and heart rate checked, by R.N. Mike Rostollas. who had refused medical treatment earlier. R.N. Mike Rostollan stated that nothing was wrong with me, even though my blood sugar level registered 186. I did not get a blood pressure reading, from R.N. Mike Rostollan. P.P. "The

1

Rostollan told the office in charge, that I was ok, and that officer commenced to give me a verbal warning. not to do that again, that is to make a false medical complainat. He further states that other may have critical medical conditions, and my false medical complaint could have caused them problems.

First of all the officer and Mike Rostollan are not medical doctors, and have no business making a medical determination. With my medical condition, everything I have wrong with me is critical. I will not tolerated this type of treatment. If this does not change, I will be forced to seek legal determination on my options.

Alvin A. Paulino
aggrieved party

PAULINO, Alvin
Reg. No. 28252-034


This is in response to your Request for Administrative Remedy-Attempt at Informal Resolution dated 01-07-08, in which you claim you were denied medical treatment on 01-06-08.

A review of your medical record was conducted. On Sunday, January 6, 2008, at around 7:00 AM, you were seen by the duty nurse for "not feeling well, body aches and dizziness" going on for weeks. Your blood sugar was 368 by fingerstick after eating cereals, BP=160/88 and PR=88. He advised you to make sick call as needed, diet and take your medications as prescribed. You have Type 2 diabetes taking oral medication but not on insulin. Your regular Accucheck is once a week on Wednesdays. The duty nurse is a licensed nurse (clinician) therefore he is qualified to make medical determination.


January 15, 2008

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Paulino Alvin A
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. 28252-034 — UNIT D2 — INSTITUTION Texarkana FCI

**Part A- INMATE REQUEST**: The solution/opinion for my BP8 is erroneous, incomplete and failed to address my health concerns.

The opinion fails to take into consideration other serious health conditions, refer to the attached BP8.

Mr. Rostollan responded that the cause of my "not feeling well" etc... was caused by eating cereals. "Cereal" is the only food provided to prisoners by this institution for breakfast. Therefore, the policy, refering to diabetic's special needs for nutrition is bad policy, and deliberate indifference to my health.

Mr. Rostollan responded that I am only allow access to insulin checks "fingersticks" once a week is bad policy and deliberate indifference to my health.

Solution: Fire Mike Rostollan, allow me access to insulin checks daily without interference and financial compensation for past injury amounting to $50,000.00.

01/19/2008
DATE — SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE — WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                        CASE NUMBER. _____

                                                                 CASE NUMBER _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL — REG NO — UNIT — INSTITUTION

SUBJECT: _____

DATE — RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982
USP LVN

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JANUARY 28, 2008

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      TEXARKANA FCI

TO  : ALVIN ANTHONY PAULINO, 28252-034
      TEXARKANA FCI    UNT: CENTRAL    QTR: D02-006L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID        : 480238-F1
DATE RECEIVED    : JANUARY 25, 2008
RESPONSE DUE     : FEBRUARY 14, 2008
SUBJECT 1        : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2        :
INCIDENT RPT NO:

BP-S148.055  **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Keith Roy: Warden | DATE: March 4/2008 |
|---|---|
| FROM: Alvin A. Paulina | REGISTER NO.: 28252-034 |
| WORK ASSIGNMENT: Medical unassigned | UNIT: D-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

On 01/19/2008, I personally delivered a BP-9 to Mr. Hamilton. The BP-9 addressed medical issues not being cared for. The main concern is a heart operation. I explained that my access to medical had been blocked. Also I requested $50,000.00 for personal injury. I was provided an interview with Dr. Nash and Mr. Bernabe AHSA. During the interview, we spoke of my needed heart operation, but before I was provided with an answer, I was provided the BP-9. The doctor stated, "are there anything we can do about this". He stated that he would try to have the committee agree to provide the heart operation. Therefore, I ascertained it to be an unspoken quid pro quo, which seem clear, sign the agreement and the operation will be provided. Accordingly, under duress I signed the agreement. Once the meeting was over, I immediately contacted Mr. Hamilton, explaining the situation, but he stated to wait a few days

(Do not write below this line)

DISPOSITION:


Signature Staff Member                    Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)     This form replaces BP-148.070 dated Oct 86
                                         and BP-S148.070 APR 94


Printed on Recycled Paper

and see what happens. However, I requested a BP-10 to complete the appeal process, Mr Hamilton denied the form.

I waited until 02/29/2008, then requested a written response from Mr. Mentzel (Admin. Coordinator). His response was negitive, claiming he was not required to provide a written response, because I signed the agreement.

I then informed Mr. Wemtzel that the agreement was signed under duress, explaining the reason for agreeing to sign the form. Mr. Wentzel's response was "I can have you put in the hole" additionally making several comments about having me placed in the hole, rather than excerting his energy to attend the orginal meeting or to work toward the process of having the operation approved.

I have been denied an answer to my BP-9, I have been threatened, retaliated against for asking for help and exposed to hostile attitudes just because I have disagreed with the medical care, or the lack of medical care provided, which is out of the realm of reasoning, because its the BOP Doctors that informed me that the heart operation is needed.

I respectfully request a formal and written response to the orginal BP-9 for the medical issues and a response for the claim of personal injury warranting $50,000.00.

I further request that no additional retaliation be taken against me, because the medical records will support that such unnecessary stress could trigger a heart-attack, which serves no penalogical purpose.

*CC: Mr. Hamilton - Unit Conselor*

Page 2 of Alvin Paulina's request to the Warden Keith Roy

PAULINO, Alvin
Reg. No. 28252-034
Central Unit (D02-006L)


This is in response to your Inmate Request to Staff Member, dated 03/04/2008, in which you request a formal written response to the original Request for Administrative Remedy (BP-9), a response for your claim of personal injury in the amount of $50,000, and no retaliation for your claims/allegations.

Your Request for Administrative Remedy (#480238-F1, copy attached) was received on 01/25/2008 and closed on 02/05/2008. It was noted that you signed this form on 01/30/2008, indicating the matter regarding your request for daily insulin checks without interference had been informally resolved and you withdrew your complaint. You did not mention a cardiac condition in that request. If you are still seeking a formal written response to the complaint you originally filed in Remedy #480238-F1, you should file a new request since you withdrew the first one.

A review of your medical record revealed the following information. On 12/12/2007, you had a Cardiolite stress test. The cardiologist determined the test results were negative. He also determined a heart catheterization was not clinically indicated.

I find no evidence to your claim of retaliation. Staff should question you and offer protective custody when you make claims of there being threats against your well-being. FCI Texarkana is committed to providing a safe environment for all inmates.

Requests for monetary compensation should be addressed via the TORT process.


_____          _3/15/2008_____
Keith Roy, Warden                          Date
FCI Texarkana

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Paulino Alvin A | 28252-034 | D2 | Texarkana FCI |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**: The solution/opinion for my BP8 is erroneous, incomplete and failed to address my health concerns.

The opinion fails to take into consideration other serious health conditions, refer to the attached BP8.

Mr. Rostollan responded that the cause of my "not feeling well" etc... was caused by eating cereals. "Cereal" is the only food provided to prisoners by this institution for breakfast. Therefore, the policy, refering to diabetic's special needs for nutrition is bad policy, and deliberate indifference to my health.

Mr. Rostollan responded that I am only allow access to insulin checks "fingersticks" once a week is bad policy and deliberate indifference to my health.

Solution: Fire Mike Rostollan, allow me access to insulin checks daily without interferance and financial compensation for past injury amounting to $50,000.00.

01/19/2008
DATE                                                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

*Informally resolved today.*

1-30-08

Jesus Barnabe, Jr.
Asst. Health Svcs. Administrator
FCI Texarkana  1/30/08

DATE                                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: 480238-F1

                                                        CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                                        BP-229(13)
                                                                               APRIL 1982